**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 18-CR-109** |
| | : | |
| **v.** | : | **Judge Timothy S. Black** |
| | : | |
| **ANDREY SHUKLIN, et al.,** | : | **APPLICATION FOR ORDER** |
| | : | **REGARDING RETURN OF CUSTOMER** |
| **Defendants.** | : | **GOODS** |
| | : | |

The Government files this motion seeking an order allowing agents from the United States Department of Transportation ("USDOT") to facilitate the return of property located at a storage facility to customers whose household goods are currently located within the storage facility. In support, the Government states as follows:

1. On July 25, 2018, a federal grand jury in this district returned a one-count Indictment against twelve defendants, charging the defendants with participating in a RICO Conspiracy in violation of 18 U.S.C. § 1962(d). (Doc. 3 (Indictment).) The Indictment charges that the defendants operated through multiple affiliated companies to form a criminal Enterprise that stole from, defrauded, and extorted customers who hired affiliated companies of the Enterprise to move their household goods.

2. The federal grand jury's Indictment, which gives the defendants notice that the United States intends to pursue the forfeiture of assets pursuant to the provisions of 18 U.S.C. § 1963, establishes probable cause that the defendants engaged in the charged RICO Conspiracy for the issuance of this restraining order.

3. On July 27, 2018, the Court entered a Post-Indictment Restraining Order relating to seven warehouses controlled by the Enterprise, which restrained the Defendants or their agents from removing customer goods from the warehouses. (Doc. No. 19.) The restraining order

1

outlined that there was probable cause that the defendants engaged in the charged RICO conspiracy; there was a connection between the contents of property in these seven warehouse locations being used by the Enterprise and the offense charged in the Indictment; and, if the defendants are convicted, the property in the seven warehouses would be subject to forfeiture under 18 U.S.C. § 1963. The restraining order prevented the defendants named in the Indictment, and others, from entering the warehouse space or otherwise disposing of any property within the warehouses. The restraining order further allowed law enforcement agents to enter the warehouses, accompanied by a landlord or other representative of the leasing companies, in order to secure the subject property, document the condition of the subject property through still or video photography, and ensure the safety of law enforcement agents or other personnel acting under this Restraining Order. On September 11, 2018, the Court entered an order allowing agents to enter the warehouse and coordinate with customers to help facilitate the return of customer goods. (Doc. No. 44.)

4.     Following the Indictment, agents have learned that the Enterprise also stored certain customer goods in storage facilities throughout the United States. On July 31, 2018, the Government executed a search warrant at the defendants' headquarters location, 2802 29th Avenue, Hollywood, FL. From the documents seized, the Government has identified storage facilities, and storage units, which likely contain household goods belonging to customers who hired affiliated companies of the Enterprise to move their goods. Further, employees of the affiliated companies have contacted the Government to inform them of the location of the storage units.

5.     The victim property in the storage units used by the Enterprise to store victim goods are subject to forfeiture under 18 U.S.C. § 1963 for the same reasons as the victim property that

was contained in the warehouses as noted above, most of which has been returned to victims pursuant to the Court's September 11, 2018 Order.

6.     Pursuant to the investigation, the Government has determined that the following storage facility currently contains household goods belonging to customers who hired an affiliated company of the Enterprise to move their goods:  Extra Space Storage, 4723 S Emerson Ave, Indianapolis, IN 46203, Unit 409 (the "Subject Property").  As set forth in Special Agent Brian Christ's affidavit, the Subject Property contains belongings of two customers of Flagship Van Lines,[1] Merlinda Baker and Anil Kumar.  *See* Exhibit 1 (Declaration of Special Agent Brian J. Christ)

7.     Since the Indictment, the USDOT has received numerous calls and emails from customers seeking return of their household goods.  Many of these customers have relayed to agents that they are in urgent need of their household goods and personal property, to include the victims who have their belongings stored in the Subject Property.

8.     Agents have been in contact with representatives of the Subject Property mentioned above.  In order to coordinate the retrieval of victim belongings, representatives of the Subject Property requested Agents provide them with a Court order permitting the return of customer goods.

9.     The Government seeks an order from the Court allowing USDOT agents to coordinate with representatives of the Subject Property so that agents can make the goods available to customers who agents have identified as the owners of the household goods and these customers can retrieve the household goods from the Subject Property.

---

[1] Flagship Fan Lines is one of the "affiliated companies" of the Moving Enterprise as set forth in the Indictment.  (*See* Doc. 3 ¶ 19.)

10.    Returning the property to customers in this manner serves the interests of justice. The nature of the property in question—household goods and invaluable personal items—along with the surrounding circumstances, necessitate ensuring the property is returned to customers as expeditiously as possible.

11.    The Government has discussed this issue with defense counsel for the defendants who have appeared in this district to date in this case.  All are in agreement that the household goods and related property should be returned to customers expeditiously and do not object to USDOT agents identifying the customers whose goods are missing and returning the property to those customers as quickly as possible.  This includes entering the Subject Property and facilitating the return of goods to the above-mentioned customers.

For these reasons, the Government requests an Order from the Court allowing USDOT agents to facilitate the return of customer property from the Subject Property by coordinating with the property owners or other representatives and permitting individuals identified by the USDOT as the owners of the household goods to retrieve their household goods from this location.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


*s/ Matthew C. Singer*
MATTHEW C. SINGER (IL 6297632)
MEGAN GAFFNEY (NY 4849220)
Assistant United States Attorneys
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
Matthew.singer@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Application for Order Regarding Return of Customer Goods* was filed with the Court's CM/ECF System this 10th day of December 2018, which provides electronic notice to all parties.

*s/Matthew C. Singer*
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorney